# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KATHRYN AMOROSO,                    )
                                    )
              Plaintiff,            )
                                    )
        v.                          )    C.A. No. N20C-10-001 FWW
                                    )
ENTERPRISE LEASING COMPANY,         )
OF PHILADELPHIA, LLC, d/b/a         )
ENTERPRISE RENT-A-CAR, a foreign    )
Corporation, YALE AVENUE            )
ASSOCIATES, LLC,                    )
                                    )
              Defendants.           )
                                    )
ENTERPRISE LEASING COMPANY          )
OF PHILADELPHIA, LLC,               )
                                    )
        Third-Party Plaintiff,      )
                                    )
        v.                          )
                                    )
YALE AVENUE ASSOCIATES, LLC,        )
and JOHN DOE,                       )
                                    )
        Third-Party Defendants.     )
                                    )

Submitted: February 2, 2022
Decided: April 13, 2022

*Upon Enterprise Leasing Company of Philadelphia LLC's Motion for Partial
Summary Judgment Against Yale Avenue Associates, LLC,*

**DENIED.**


**<u>ORDER</u>**

Philip M. Finestrauss, Esquire, PHILIP A. FINESTRAUSS P.A., 1404 N. King Street, Wilmington, DE 19899; Attorney for Plaintiff Kathryn Amoroso.

R. Stokes Nolte, Esquire, WILKS LAW, 4250 Lancaster Pike, Suite 200, Wilmington, DE 19805; Attorney for Defendant/Third-Party Plaintiff Enterprise Leasing Company of Philadelphia, LLC.

Krista E. Shevlin, Esquire, WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP, 2 Penns Way, Suite 300, New Castle, DE 19720; Attorney for Defendant/Third-Party Defendant Yale Avenue Associates, LLC.

**WHARTON, J.**

This 13th day of April 2022, upon consideration of Enterprise Leasing Company of Philadelphia, LLC's ("Enterprise") Motion for Partial Summary Judgment against Yale Avenue Associates, LLC ("Motion"),[1] and Yale Avenue Associates, LLC's ("Yale") Opposition,[2] it appears to the Court that:

1.      On October 1, 2020, Plaintiff Kathryn Amoroso ("Amoroso") brought her original complaint against Enterprise.[3]  In it she alleged that she was injured when she slipped and fell on a patch of ice at Enterprise's Philadelphia Pike location.[4]  She claimed Enterprise was negligent in that it: (1) failed to conduct reasonable safety inspection [sic] to discover dangerous conditions; (2) failed to take reasonable steps to correct dangerous conditions; (3) failed to warn of dangerous conditions; and (4) allowed business invitees to walk in dangerous areas.[5]

2.      During an unsuccessful attempt to remove the matter to federal court, Enterprise brought a third-party complaint against Yale.[6]  Amoroso then amended

---

[1] Mot. for Part. Summ. J., D.I. 13.
[2] Opp. to Mot. for Part. Summ. J., D. I. 16.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*
[6] Remand Order (attaching U.S. District Court District of Delaware Civil Docket for Case #: 1:20-cv-01518 MAK (D.I. 8)), D.I. 7.

her complaint in district court to add Yale as a defendant.[7] Now back in this Court, Enterprise moves for partial summary judgment on its third-party complaint against Yale.[8] The third-party complaint alleges breach of contract by Yale, as Enterprise's landlord, for failing to abide by its lease agreement with Enterprise to obtain liability insurance listing Enterprise as an additional insured and to defend and indemnify Enterprise for liability for damages arising from the use or maintenance of the property.[9] The Motion alleges that it is factually undisputed that, pursuant to the lease Yale maintained exclusive control of the entire parking lot, and the area where Amoroso fell was not in the area designated for Enterprise's exclusive use.[10] The Motion further alleges that it is factually undisputed that the insurance policy Yale obtained for the property did not include Enterprise as an additional insured, nor is Yale defending Enterprise against Amoroso's complaint.[11] Therefore, according to Enterprise, it is entitled to partial summary judgment against Yale.

3.      Yale opposes the Motion. It argues that the facts as developed through discovery could lead a jury to conclude that Enterprise could be liable to Amoroso independent of the language of the lease agreement because it caused standing water to freeze in the parking lot and voluntarily assumed a duty to remove ice from in

---

[7] *Id.* (District Court Civil Docket at D.I. 32).
[8] Mot. for Part. Summ. J., D.I. 13.
[9] *Id.,* at ¶¶ 2-4.
[10] *Id.,* at ¶ 7.
[11] *Id.,* at ¶¶ 8-10.

4

front of the premises.[12]  Specifically, Yale cites the deposition testimony of Daniel Amoroso, Amoroso's son, that an Enterprise employee told him that the ice was from washing cars the previous night and that he observed the same employee salting the ice after his mother fell.[13]   Yale cites Section 10.2 of the of the lease agreement which it contends only requires it to provide insurance for injuries "arising out of or related to its activities on or ownership, management maintenance or repair of the Property."[14]  It argues that the Amoroso's theory of liability – that Enterprise created the hazard – falls outside that language and make the insurance requirement inapplicable.[15]  Similarly, it argues that Section 10.7 of the lease agreement, which exempts "damage or injury caused by the willful or negligent act or omission of [Enterprise], its agents or employees" from Yale's obligation to defend Enterprise forecloses any such obligation where, as Amoroso alleges here, Enterprise's own negligence caused her injury.[16]

4.      Superior Court Civil Rule 56(c) provides that summary judgment is appropriate if, when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[17]  The moving party

---

[12] Opp. to Mot. for Part. Summ. J., at ¶ 6-7, D.I. 16.
[13] *Id.,* Ex. A, at 13-14.
[14] *Id.,* at ¶ 10.
[15] *Id.,* at ¶¶ 11-12.
[16] *Id.,* at ¶¶ 13-14.
[17] Super. Ct. Civ. R. 56(c); *Buckley v. State Farm Mut. Auto. Ins. Co.*, 139 A.3d 845, 847 (Del. Super. Ct. 2015), aff'd, 140 A.3d 431 (Del. 2016) (quoting *Moore v.*

initially bears the burden of demonstrating that the undisputed facts support its claims or defenses.[18] If the moving party meets its burden, the burden shifts to the non-moving party to show that there are material issues of fact to be resolved by the ultimate fact-finder.[19] When considering a motion for summary judgment, the Court's function is to examine the record, including "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist "but not to decide such issues."[20] Summary judgment will only be appropriate if the Court finds there is no genuine issue of material fact. When material facts are in dispute, or "it seems desirable to inquire more thoroughly into the facts, to clarify the application of the law to the circumstances," summary judgment will not be appropriate."[21] However, when the facts permit a reasonable person to draw but one inference, the question becomes one for decision as a matter of law.[22]

5. Here, Amoroso alleges that Enterprise acted negligently. She offers

---

*Sizemore*, 405 A.2d 679, 680 (Del.1979).

[18] *Sizemore*, 405 A.2d at 681.

[19] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[20] Super. Ct. Civ. R. 56(c); *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).

[21] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-60, (Del. 1962) (citing *Knapp v. Kinsey*, 249 F.2d 797 (6th Cir. 1957)).

[22] *Wooten v. Kiger*, 226 A.2d 238, 239 (Del. 1967).

evidence that the ice upon which she slipped was caused by Enterprise washing its cars the previous night. She also offers evidence that an Enterprise employee engaged in voluntarily removing ice from the lot by applying salt to it. Additionally, Amoroso alleges that Enterprise was negligent directly in failing to inspect the parking lot, warn its customers about the hazard it created, and direct those customers away from that hazard. Under these facts, the Court finds that a reasonable jury could find that Enterprise's negligence was the proximate cause of Amoroso's injury. Such a finding of negligence on Enterprise's part would negate Yale's obligation to defend and indemnify Enterprise under Section 10.7 of the lease agreement. It would also call into question Yale's obligation to provide liability insurance for Enterprise under Section 10.2. Thus, the Court finds there are genuine issues of material fact precluding partial summary judgment in favor of Enterprise and against Yale on Enterprise's third-party complaint.

**THEREFORE**, Enterprise Leasing Company of Philadelphia LLC's Motion for Partial Summary Judgment Against Yale Avenue Associates LLC is **DENIED. IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

7